# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH C. WENZEL,

    *Plaintiff*,

v.                                              CASE NO. 13-CV-11897

COMMISSIONER OF                                 DISTRICT JUDGE DENISE PAGE HOOD
SOCIAL SECURITY,                                MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

**I.     RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, and that the case be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

**II.    REPORT**

    **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Commissioner's decision denying Plaintiff's claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") benefits. This matter is currently before the Court on cross-motions for summary judgment. (Docs. 9, 11.)

Plaintiff Kenneth C. Wenzel was 40 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 7 at 61.) Plaintiff's employment history includes work as sales associate for seven years, a machine operator for five years, and a cook for one year. (Tr. at 131.) Plaintiff filed the instant claims on April 23, 2009, alleging that he became unable to work on June 8, 2008. (Tr. at 99.) The claims were denied at the initial administrative stages. (Tr. at 83.) In denying Plaintiff's claims, the Commissioner considered osteoarthritis and allied disorders as possible bases for disability. (*Id.*) On December 3, 2010, Plaintiff appeared before Administrative Law Judge ("ALJ") Nancy Lisewski, who considered the application for benefits *de novo*. (Tr. at 19-33, 58-82.) In a decision dated February 4, 2011, the ALJ found that Plaintiff was not disabled. (Tr. at 30.) Plaintiff requested a review of this decision on March 14, 2011. (Tr. at 6-18.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on March 29, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-5.) On April 29, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

### B.   Standard of Review

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the

agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations

based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence

4

without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

### C.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:   If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:   If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:   If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe

5

impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.   ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through December 31, 2012, and that Plaintiff had not engaged in substantial gainful activity since June 8, 2008, the alleged onset date. (Tr. at 22.) At step two, the ALJ found that Plaintiff's degenerative disc disease and right shoulder pain were "severe" within the meaning of the second sequential step. (*Id.*) At step

6

three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 25.) At step four, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. at 29.) The ALJ also found that Plaintiff was 38 years old on the alleged disability onset date, which put him in the "younger individual age 18 to 44" category. *See* 20 C.F.R. Part 404, Subpart P, App. 2. (*Id.*) At step five, the ALJ found that Plaintiff could perform a full range of sedentary work. (Tr. at 26-29.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 30.)

### E. Administrative Record

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was treated at the Yale VA Clinic for back and right shoulder pain from 2008 to 2010. (Tr. at 203-88, 298-315.) As part of the treatment, Plaintiff underwent lumbar facet steroid injections. (Tr. at 254-58, 377-80.) Plaintiff was also treated at McKenzie Memorial Hospital (Tr. at 316-74) and the John Dingell Medical Center. (Tr. at 375-466.)

An MRI of Plaintiff's lumbar spine taken in January 2008 showed "[m]ild diffuse spondylosis with posterior osteophytes." (Tr. at 282.) An MRI taken in March 2009 showed "[n]o significant interval change since 2/13/2008." (Tr. at 284.)

A Residual Functional Capacity ("RFC") Assessment was completed by Joselyn Lowrance on June 15, 2009. (Tr. at 289-96.) The assessor determined that Plaintiff could occasionally lift 10 pounds, frequently lift 10 pounds, stand or walk for about 6 hours in an 8-hour workday, and was unlimited in his ability to push or pull. (Tr. at 290.) The assessment also found that there were no postural, manipulative, visual, communicative, or environmental limitations established. (Tr. at 291-93.) There was no medical source statement regarding Plaintiff's physical capacities in the file. (Tr. at 295.)

An MRI of Plaintiff's right shoulder taken on February 7, 2010, showed "[o]steoarthritic changes of the AC joint" and "[n]o evidence of any rotator cuff tear." (Tr. at 313.)

**F.      Analysis and Conclusions**

**1.      Legal Standards**

The ALJ determined that during the time Plaintiff qualified for benefits, he possessed the residual functional capacity to perform a full range of sedentary work. (Tr. at 26-29.) Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a)(1991). Social Security Ruling 83-10 clarifies this definition:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10, 1983 WL 31251, at *5.

After review of the record, I suggest that the ALJ utilized the proper legal standard in her application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

**2.      Substantial Evidence**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 9.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision

must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Specifically, Plaintiff contends that the ALJ erroneously relied on the opinion of a non-physician single decisionmaker ("SDM") in determining Plaintiff's residual functional capacity. (Doc. 9 at 15.) Plaintiff argues that the ALJ also erred in finding that Plaintiff did not meet Listing 1.04 and in failing to obtain a medical opinion on the issue. (*Id*. at 16-19.) Plaintiff also contends that the ALJ did not properly assess Plaintiff's credibility. (*Id*. at 19-22.) Finally, Plaintiff argues that the ALJ improperly relied on the medical-vocational guidelines, i.e., grid 201.28, rather than posing an accurate hypothetical question to the vocational expert. (*Id*. at 22-24.)

Defendant responds that the ALJ's reliance on the SDM was harmless error (Doc. 11 at 11-12), that substantial evidence supports the ALJ's decision that Plaintiff did not meet the requirements of Listing 1.04 (*id*. at 12-16), that substantial evidence supports the ALJ's credibility findings (*id*. at 16-18), and that the ALJ's step five finding is also supported by substantial evidence. (*Id*. at 19-20.)

      **a.    Single Decisionmaker**

The single decisionmaker model stems from 20 C.F.R. §§ 404.1406(b)(2) and 404.906(b)(2) and these regulations provide for experimental, stream-lined procedures that eliminated the reconsideration level of review and allowed claims to go directly from the initial denial to ALJ hearing. *Crooks v. Comm'r of Soc. Sec.*, No. 12-cv-13365, 2013 WL 4502162, at *9 (E.D. Mich. Aug. 22, 2013). "Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from

the state agency medical consultants." *Id.* At the appellate level, including the proceedings before the ALJ, these Physical RFC forms completed by SDMs are "not opinion evidence[.]" *Id.* (citing The Programs Operations Manual System ("POMS") DI § 24510.05). "Accordingly, under the regulations and agency policy, SDM assessments have no place in an ALJ's disability determination." *White v. Comm'r of Soc. Sec.*, No. 12-cv-12833, 2013 WL 4414727, at *8 (E.D. Mich. Aug. 14, 2013).

In the instant case, when determining Plaintiff's RFC, the ALJ referred to a "DDS medical consultant [who] opined that the claimant would have limitations consistent with a full range of sedentary work. (Exhibit 3F)" and the ALJ "g[a]ve[] significant weight to the DDS opinion because it is well-supported and consistent with the record as a whole." (Tr. at 28.) Exhibit 3F was the Physical RFC Assessment, which was completed by Joselyn Lowrance, SDM. (Tr. at 289-97.) The only "DDS" or state agency opinion of record is that of the SDM. Therefore, I conclude that the only purported opinion that the ALJ could have relied upon in determining Plaintiff's RFC was that of the SDM. Since there was no medical source evidence regarding physical capacity, the ALJ must have either relied on the opinion of the SDM or made her own medical finding that expressly agreed with that of the SDM. Neither of these options could serve as substantial evidence and I suggest that such an error would not be harmless. *See Wyatt v. Comm'r of Soc. Sec.*, No. 12-11406, 2013 WL 4483074, at *16 (E.D. Mich. Aug. 19, 2013) (finding error in relying on SDM's opinion could not be harmless where there were no other medical opinions to rely on, noting that the "'Court has stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data.'") (quoting *Mistoff v. Comm'r of Soc. Sec.*, No. 3:12cv046, 2013 WL 1098188, at *8 (S.D. Ohio March 15, 2013)).

I recognize that in situations where "'the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.'" *Deskin v. Comm'r*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)). However, I suggest that the instant case is not one of those cases where there is so little impairment that the lay opinion of an ALJ could substitute for that of an expert medical opinion when formulating the RFC determination.

Since I suggest that this issue is determinative, I do not address the other issues raised by Plaintiff.

**b.      Remand**

Once it has been determined that the Commissioner's administrative decisions are not supported by substantial evidence, a district court faces a choice. It may either remand the case to the Commissioner for further proceedings or direct the Commissioner to award benefits. The court may reverse and direct an award of benefits if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits . . . where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Felisky,* 35 F.3d at 1041; *accord, Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). This comports with the principle that "where remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Wilson v. Comm'r of Soc. Sec.*, 378 F3d 541, 547 (6th Cir. 2004) (citations omitted).

In this case, for the reasons set forth above, I conclude that there are unresolved legal and factual issues. I therefore suggest that the ALJ's decision should be reversed and the case remanded under sentence four of § 405(g).

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                         s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                         CHARLES E. BINDER
Dated: April 3, 2014                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: April 3, 2014                          By     s/Patricia T. Morris
                                                                       Law Clerk to Magistrate Judge Binder